# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: R.M.**

**No. 13-0696** (Mercer County 12-JA-190)

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Natalie N. Hager, appeals the Circuit Court of Mercer County's July 8, 2013 order terminating her parental, custodial, and guardianship rights to R.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, John Earl Williams Jr., filed a response on behalf of the child also supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, the DHHR filed its initial abuse and neglect petition alleging neglect due to drug abuse by petitioner and the child's step-father, M.S. The petition also alleged that the child, R.M., had non-accidental trauma in the form of a cigarette burn on his foot. In December of 2012, the circuit court adjudicated R.M. as neglected and granted petitioner a post-adjudicatory improvement period. In January of 2013, a federal grand jury indicted petitioner on multiple counts of distribution of hydromorphone. That same month, the DHHR filed an amended petition alleging that M.S. had previously had his parental rights to a child terminated in February of 2008 due to sexual abuse of another child in his home at that time.

In March of 2013, petitioner's bond was revoked on the drug charge and she was incarcerated, where she remained throughout the proceedings. She thereafter pled guilty to one count of distribution of hydromorphone in the United States District Court for the Southern District of West Virginia in April of 2013 and was later sentenced to eighteen months in federal prison. In May of 2013, the circuit court held a dispositional hearing and terminated petitioner's parental, custodial, and guardianship rights. It is from the resultant order that petitioner appeals.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights. Petitioner's sole argument in support of her assignment of error is that the circuit court should have waited to see if petitioner would be released from incarceration so as to attend in-patient substance abuse treatment, to which she had been accepted. The Court does not find this argument persuasive due to petitioner's unwillingness to participate in services designed to correct the conditions of neglect. Even after the DHHR filed its initial petition, it is clear that petitioner continued in her drug abuse and criminal activity. The record shows that the criminal activity for which petitioner was indicted occurred, in part, after the initiation of the abuse and neglect proceedings below. Further, the circuit court specifically found that petitioner "has habitually abused or is addicted to [] controlled substances or drugs to the extent that her proper parenting skills have been seriously impaired." The circuit court further found that, despite being granted a post-adjudicatory improvement period, petitioner failed to follow through with the recommended treatment that could have improved her parenting abilities.

Pursuant to West Virginia Code § 49-6-5(b)(1) and (3), these conditions constitute situations in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse or neglect in the near future, which the circuit court found in this matter. These findings were supported by petitioner's failure to comply with the terms of her improvement period, as evidenced by a failed drug screen in March of 2013, sporadic meetings with her service provider, and her continued criminal activity in relation to controlled substances. The circuit court further found that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its July 8, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013


**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II